UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Marc Fiedler, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>Ocean Properties, Ltd. )<br>)<br>)<br>    Defendant. ) | CASE NO. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL
AND INJUNCTIVE RELIEF SOUGHT**

**SUMMARY OF THE ACTION**

1. Marc Fiedler brings this action against the Defendant, Ocean Properties, Ltd., for failing to make its resort facility in Bar Harbor, Maine -- The Harborside Hotel -- accessible to individuals who use wheelchairs, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, and the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. §§ 4591 et seq.  Mr. Fiedler seeks declaratory and injunctive relief requiring Defendant to remove unlawful architectural barriers to access by customers and guests who use wheelchairs, and to make its wheelchair accessible accommodations fully compliant with state and federal standards. Plaintiff also seeks civil penal damages under the MHRA and attorney fees and litigation expenses under both the ADA and the MHRA.

**PARTIES**

2. Plaintiff is a resident of Washington, D.C.  He is an individual with a mobility impairment that substantially limits his major life activities, including his ability to walk, run,

perform manual tasks, stand, lift and reach. His mobility disability and infirmity prevents him from walking and requires him to use a wheelchair.

3. Defendant Ocean Properties, Ltd. owns and operates luxury hotels and lodgings throughout the United States. It maintains offices at 1001 East Atlantic Ave., Suite 202, Delray Beach, Florida, 33483 and 1000 Market Street, Suite 300, Portsmouth, New Hampshire, 03801.

4. Defendant Ocean Properties, Ltd. owns and operates The Harborside Hotel, Spa & Marina resort facility in Bar Harbor, Maine. It markets to the public on its website that "The Harborside offers breathtaking views of Frenchman's Bay and ocean beyond. With the finest guest accommodations and unsurpassed hospitality . . . ."

## JURY TRIAL DEMAND

4A. Under Fed. R. Civ. P. 38(b) and Rule 38 of the Rules of this Court, the Plaintiff hereby demands trial by jury on all issues triable to a jury.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 12188.

7. The Defendant's property that is the subject of this action is situated in the United States District Court for the District of Maine and a substantial part of the events or omissions giving rise to this Complaint have occurred within this judicial District.  Venue is thus appropriate in this District under 28 U.S.C. § 1391(b).  Under Rule 3(b) of the Rules of this Court, this action is properly filed in Bangor because this case arises in Hancock County where Defendant's property that is the subject of this action is situated.

## **FACTUAL ALLEGATIONS**

8.    The Harborside is a luxury hotel, spa, and marina located at 55 West Street, Bar Harbor, Maine 04609.

9.    Mr. Fiedler made a reservation in late June or early July 2006 for a deluxe king oceanfront room with a balcony at The Harborside from August 8-16, 2006 at a cost of $399 per night.

10.   After making the reservation, Mr. Fiedler made several telephone and email inquiries to confirm the wheelchair accessibility of the room.  He requested information regarding the entrance door clearance, the clearance around the bed, the height of the bed, the height of the tracks for the exterior sliding door, the size of the balcony, the bathroom knee clearance, the height of the towel rack, the width of the closet and the height of the closet rack, and the knee clearance of the desk.

11.   On July 12, 2006, Chris Moulton, Assistant General Manager of The Harborside, provided Mr. Fiedler with the requested measurements via email.  Concerning the balcony, Mr. Moulton told Mr. Fiedler that a ramp to the balcony would be installed prior to his arrival, as the height of the tracks for the exterior sliding door measured five and one-half inches.

12.   In a telephone call the following day with Mr. Moulton, Mr. Fiedler was informed that the ramp would be the width of the sliding doors and would extend sixty-six inches into the room.  He was further told that the inside ramp would block access to one side of the bed.  Mr. Moulton also explained that the exterior ramp would extend sixty-six inches over the balcony and onto the lawn, which is not level.  Mr. Fiedler was told that the ramps would have no handrails.

13. Mr. Fiedler spoke with the General Manager, Matt Brestle on July 18, 2006, to discuss his concerns regarding the ramp. He then spoke with Director of Operations, Evan Salvatore on July 19 and 21, 2006. Mr. Fiedler requested that Mr. Salvatore send him scale drawings of the ramps being proposed.

14. When Mr. Salvatore failed to send Mr. Fiedler the requested drawings, and it became clear that the Defendant would not bring the room into compliance with ADA and MHRA standards, Mr. Fiedler was forced to cancel his reservation on August 5, 2006.

15. Mr. Fiedler suffered frustration, embarrassment, emotional distress, inconvenience, and loss of enjoyment of life over the disruption of his summer vacation plans because the Defendant discriminated against him by failing to provide appropriate wheelchair accessible accommodations as required by state and federal law.

16. To date, the Defendant has failed to bring The Harborside into compliance with ADA Architectural Guidelines ("ADAAG"). For example, the Defendant has failed to bring the thresholds at doorways to balconies in its accessible units into compliance with ADAAG standards 9.1.2 (requiring a hotel of The Harborside's size to have at least six accessible units); 9.2.2(6)(d) (requiring balconies that are part of an accessible unit to be accessible and on an accessible route); 4.3.9 (requiring doors along an accessible route to comply with standard 4.13); 4.13.8 (requiring that "thresholds at doorways shall not exceed ¾ in (19 mm) in height for exterior sliding doors"); and 4.8.2 & 4.8.4(2) (slope and rise and landing requirements for ramps).

17. Removal of threshold barriers is readily achievable.

18. Plaintiff desires to, and would patronize Defendant's establishment for further vacations if the units were made fully compliant with wheelchair accessibility standards.

## LEGAL CLAIMS

19. Plaintiff is an individual with a disability as defined in Title III of the ADA and the Maine Human Rights Act. 42 U.S.C. § 12102(2); 28 C.F.R. § 36.104; 5 M.R.S.A. § 4553.

20. Defendant owns and operates a hotel and is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(7) (A), and in the MHRA.

21. Defendant, as outlined above, has violated the plaintiff's rights under both the ADA and the MHRA by unlawfully discriminating against individuals with disabilities. 42 U.S.C. § 12182; 5 M.R.S.A. §§ 4591-4594-F.

22. Defendant, as outlined above, has denied Mr. Fiedler the opportunity to participate in or benefit from the services, facilities, and accommodations provided by Defendant. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202; 5 M.R.S.A. § 4592(1)(E).

23. Defendant is discriminating against Plaintiff in violation of the ADA and the Maine Human Rights Act by refusing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. 36.304; 5 M.R.S.A. § 4592(1)(D).

WHEREFORE, plaintiff requests relief as follows:

(a) Enter declaratory relief that defendant violated plaintiff's statutory civil rights to be free of disability discrimination;

(b) Issue an injunction ordering the Defendant to (1) desist from continuing all disability discrimination and unlawful denial of reasonable accommodation at the Harborside Hotel; (2) remove all architectural barriers in violation of the ADA or MHRA at this establishment and to make its wheelchair accessible accommodations fully compliant with state and federal standards; and (3) provide effective, disability rights training for all employees at the

Harborside Hotel, including its managers and all employees responsible for making reservations, and to take other affirmative steps to reduce the likelihood of similar disability discrimination at the Harborside hotel in the future;

(c) Order Defendant to make its facilities in Maine comply with the accessibility requirements of Title III of the ADA, Subchapter V of the MHRA, and the corresponding sections of the ADAAG;

(d) Order Defendant to pay civil penal damages under the MHRA in the maximum amount allowed;

(d) Award Plaintiff her full costs, including reasonable attorney's fees and expert fees;

(e) Award Plaintiff any additional relief deemed equitable and just.

Date: July 14, 2008                                     Respectfully submitted,


                                                        /s/ David G. Webbert

                                                        David G. Webbert, Esq.
                                                        JOHNSON & WEBBERT, L.L.P.
                                                        160 Capitol Street, Suite 3
                                                        P.O. Box 79
                                                        Augusta, ME 04332-0079
                                                        Tel: (207) 623-5110
                                                        dwebbert@johnsonwebbert.com

                                                        Attorney for Plaintiff